**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4263**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TODARIAN DONDRELL MARTIN,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:16-cr-00335-WO-1)

───────────

Submitted: October 16, 2025                        Decided: October 21, 2025

───────────

Before KING, AGEE, and RICHARDSON, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Eric D. Placke, Interim Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Clifton T. Barrett, United States Attorney, Stephen T. Inman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todarian Dondrell Martin appeals the 14-month sentence imposed following the revocation of his supervised release. On appeal, Martin argues that his revocation sentence is plainly unreasonable because the district court relied on impermissible factors to impose a sentence that was greater than necessary. The Government responds that Martin's revocation sentence was not plainly unreasonable. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation modified). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (citation modified). Only if a sentence is either procedurally or substantively unreasonable "do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our plain error analysis—that is, clear or obvious." *Id*. at 208 (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of

2

the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (citation modified). A revocation sentence falling within the recommended policy statement range "is presumed reasonable." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (citation modified).

We conclude that Martin's revocation sentence is both procedurally and substantively reasonable and therefore not plainly unreasonable. When imposing Martin's revocation sentence, the district court correctly calculated a policy statement range of 8 to 14 months' imprisonment and noted the statutory maximum of 60 months. The court considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed the parties' arguments. We discern no error in the court's consideration of the relevant sentencing factors or its decision to impose a revocation sentence at the high end of the policy statement range.

Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*